UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JOHN THISTLE,<br><br>  Plaintiff,<br><br>v.<br><br>FRANK LA ROSE,<br><br>  Defendant. | Case No.: 21-CV-1414 JLS (MDD)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiff David John Thistle's Motion to Proceed *In Forma Pauperis* ("IFP") ("Mot.," ECF No. 2). Plaintiff, proceeding *pro se*, alleges that the Ohio Secretary of State's candidacy forms and documents related to the 11th Congressional District Special Election are unconstitutional. *See generally* "Compl.," ECF No. 1. Having considered carefully Plaintiff's Complaint, IFP Motion, and the applicable law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## *IN FORMA PAUPERIS* MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that the party is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Plaintiff has filed an affidavit indicating that he receives $1,307 in Social Security benefits and $3,575.51 in VA compensation and pension for a total monthly income of $4,882.51. *See* Mot. at 2. Additionally, Plaintiff has a motor vehicle, a 2016 Kia Soul, valued at $11,922.90, as well as other assets valued at $8,000. *See* Mot. at 3. Plaintiff reports monthly expenses totaling $4,044.[2] *Id.* at 5. Plaintiff also reports that he is "homeless transient – motel & car as afforded." *Id.* at 5. Given these facts, the Court concludes that Plaintiff is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**I.   Standard of Review**

Because Plaintiff is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed in forma pauperis. *Id.*

[2] Under the line "regular expenses for operation of business, profession, or farm," Plaintiff indicates he spends $2,000 a month, but Plaintiff did not attach a detailed statement of his business expenses as is required by the application. *See* Mot. at 5. However, it does not appear that Plaintiff included this expense in his "total monthly expenses" figure of $4,044. Even disregarding Plaintiff's business expenses, the Court finds that Plaintiff is unable to pay the requisite fees and costs.

a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. Courts "may consider facts contained in documents attached to the complaint" to determine whether the complaint states a claim for relief. *Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

## II.   Plaintiff's Factual Allegations

Plaintiff alleges that when he received forms and documents to declare his intent to be a write-in candidate in the Ohio 11th Congressional District Special Election, he "noticed the unconstitutional changes made." Compl. at 2.[3] Plaintiff appears to contend that the form's statement that a candidate "[m]ust be an inhabitant of the state from which elected," Compl. at 13, violates Article 1 of the U.S. Constitution, which requires that "No Person shall be a Representative . . . who shall not, when elected, be an Inhabitant of that State in which he shall be chosen," U.S. Const. art. I, § 2. Plaintiff appears to take issue with the omission of the phrase "when elected" from the forms distributed by the Ohio Secretary of State.

Plaintiff states that "after several phone calls and verbal debates, the Office of the Sec. of State in OHIO corrected the changes." Compl. at 7. However, Plaintiff contends that "changing your criminal activity to correct 'Official Ballot Forms' during a truncated Special Congressional Election Cycle does not, I repeat DOES NOT hold you accountable for the criminal activity of altering the US Constitution Article 1 in accordance with the 10th Amendment." *Id.* (emphasis in original).

///

---

[3] Pin cites to Plaintiff's complaint and associated exhibits refer to the blue CM/ECF page number stamped at the upper right corner of the page.

As the Complaint is currently pleaded, the Court finds that Plaintiff lacks standing to bring the asserted claims. In order to bring a case in federal court, a plaintiff must demonstrate he or she has "standing." U.S. Const., Art. III; *Clapper v. Amnesty Intern. U.S.A.*, 568 U.S. 398, 408 (2013). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "Standing focuses on whether a plaintiff has a 'personal stake' in the action such that she will be an effective litigant to assert the legal challenge at issue." *Townley v. Miller*, 722 F.3d 1128, 1135 (9th Cir. 2013). The United States Supreme Court has explained the concept of standing as follows:

> To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending. Thus, we have repeatedly reiterated that "threatened injury must be certainly impending to constitute injury in fact, and that [a]llegations of possible future injury" are not sufficient.

*Clapper*, 568 U.S. at 409 (internal citations and quotations omitted).

It does appear from the Complaint that Plaintiff has a personal stake in this action because he plans to run for the U.S. Representative seat in Ohio's 11th Congressional District, and he currently resides outside Ohio. *See Townley*, 722 F.3d at 1135. Plaintiff claims that he "withdrew the maximum loan amount from his, David John Thistle, govt. life insurance policy . . . to pay any and all fees and expenses for the 11th Ohio Special Election." Compl. at 2; *see also id.* at 5 (Ohio Inspector General complaint form wherein Plaintiff listed "Thistle for Congress 11th District" as his employer and his position as "Candidate for US Congress"). Furthermore, Plaintiff appears to be a resident of La Jolla, California. *See id.* at 5 (Ohio Inspector General complaint form listing Plaintiff's address

in La Jolla, California). Therefore, it appears Plaintiff is not currently an inhabitant of the state where he is attempting to run for a congressional seat.

However, Plaintiff does not adequately allege injury in fact. Plaintiff does not allege that the Ohio Secretary of State prevented him from filing his notice of candidacy or refused his application based on Plaintiff's residency in California. In fact, Plaintiff states that after he notified the Ohio Secretary of State of the issue, the office "corrected the changes." *Id.* at 7. As the Complaint is presently pleaded, it does not appear that Plaintiff has a "concrete, particularized, and actual or imminent" injury because he was not denied an opportunity to run for Congress based on the language at issue on the forms. *See Clapper*, 568 U.S. at 409. Accordingly, Plaintiff lacks standing to maintain the present action.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **MAY FILE** an amended complaint that adequately alleges Plaintiff's standing <u>within forty-five (45) days</u> of the date on which this Order is electronically docketed. Any amended filing must be complete in itself, without reference to Plaintiff's original Complaint. Any claim not re-alleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. Civ L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

Should Plaintiff fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity

///

///

1  to fix his complaint, a district court may convert the dismissal of the complaint into
2  dismissal of the entire action.").

3  **IT IS SO ORDERED.**

4  Dated:  September 13, 2021

5  Hon. Janis L. Sammartino
6  United States District Judge